UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>      Plaintiff,<br><br>    v.<br><br>MORAYA INVESTMENTS, LLC,<br><br>      Defendant. | Case No. 20-cv-01291-DMR<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 33 |

On February 20, 2020, pro se Plaintiff Peter Strojnik filed this case against Defendant Moraya Investments, LLC, doing business as the Jack London Inn ("Moraya"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and related state laws. Compl. [Docket No. 1.] Moraya filed its answer on March 26, 2020. [Docket No. 6.] Moraya now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Mot") challenging Strojnik's Article III standing. [Docket No. 33.] Strojnik timely opposed ("Opp'n").[1] [Docket No. 34.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I.   BACKGROUND**

The following facts are alleged in Strojnik's complaint.[2] Strojnik resides in Maricopa County, Arizona. Compl. ¶ 3. He alleges that he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, missing part of a limb (prosthetic right knee)." *Id.* He states that he "walks with difficulty and pain" and "requires compliant mobility accessible features at places of public

---

[1] Moraya did not file a reply.

[2] The court must accept all factual allegations in the complaint as true in a Rule 12(c) motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

accommodation." *Id.* ¶ 4. Moraya owns and operates a hotel in Oakland, California (the "Hotel"). *Id.* ¶ 5.

According to Strojnik, he "intended to visit the Oakland Area in the September 28-29, 2019 time frame." Compl. ¶ 15. He reviewed booking websites in advance of his trip to evaluate their "mobility accessible features" so that he could "assess independently whether a given hotel or guest room meets his accessibility needs." *Id.* ¶ 16. He selected an unnamed competitor hotel and stayed there. *Id.* ¶ 17. He alleges that he encountered accessibility barriers at the competitor hotel, and then went to the Hotel to determine whether it had adequate accessibility features for Strojnik's "future intended travel and lodging in the area." *Id.* ¶ 18. However, he encountered barriers to accessibility at the Hotel too. *Id.* ¶ 19. Strojnik attaches four photographs as an addendum with brief captions that purport to identify inaccessible features. Compl. at 8-9.[3]

Strojnik alleges claims under the ADA, the California Unruh Act, the California Disabled Persons Act, and common law negligence. The court previously referred the matter to mediation but it did not settle. [Docket No. 22.] Accordingly, the court issued a scheduling order setting the close of fact discovery on November 30, 2021 and expert discovery on December 29, 2021. [Docket No. 29.] The court set January 27, 2022 as the final day to hear dispositive motions, with a jury trial to start on April 18, 2022. The court also permitted the parties to seek leave to amend the pleadings by May 3, 2021. [Docket No. 28.]

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez* 683 F.3d at 1108. The court must construe all factual allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

---

[3] The complaint also includes what appears to be a screenshot from the hotel's website showing no accessibility information. Compl. at 8. Strojnik alleges that "Booking websites fail to provide information required by 28 C.F.R. § 36.302(a)." *Id.* Strojnik does not allege any facts or legal claims about the hotel's website, so the court disregards this image as irrelevant.

1  "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review
2  applies to motions brought under either rule." *U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys.,*
3  *Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, the court "court must assess whether
4  the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is
5  plausible on its face.'" *Chavez*, 683 F.3d at 1108 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678
6  (2009)). "Mere conclusory statements in a complaint and 'formulaic recitations of the elements of
7  a cause of action' are not sufficient." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
8  (2007)).

9  "A Rule 12(c) motion for judgment on the pleadings may assert a lack of subject matter
10 jurisdiction." *Strojnik v. Portola Hotel, LLC*, No. 19-CV-07579-VKD, 2021 WL 1022880, at *2
11 (N.D. Cal. Mar. 17, 2021) (citing 5C Wright & Miller, *Fed. Prac. & Proc.* § 1350 (3d ed.)). "The
12 Court's analysis of a Rule 12(c) motion that raises a question of subject matter jurisdiction
13 conforms to the analysis required for a Rule 12(b)(1) motion." *Id.* (citing Wright & Miller, Fed.
14 Prac. & Proc. § 1367).

15 **III.   DISCUSSION**

16 Moraya argues that Strojnik has failed to allege facts establishing Article III standing for
17 his ADA complaint. Mot. at 4. By consequence, Strojnik's state and common law claims fail for
18 lack of supplemental jurisdiction. *Id.* at 8, 10. Strojnik's sole response is that Moraya already
19 admitted in its answer that Strojnik has standing and that Moraya did not take any discovery to
20 ascertain jurisdiction. Opp'n at 2.[4]

21 "Title III of the ADA prohibits discrimination on the basis of disability in the 'full and

---

[4] Strojnik's argument is easily dispatched. Moraya's answer admits that this "Court has subject matter jurisdiction," not that Moraya has standing. Answer ¶ 6; *see* Compl. ¶ 6 (asserting federal question and supplemental jurisdiction). The fact that Moraya admitted that the court has subject matter jurisdiction is "irrelevant because while constitutional standing may be an issue of the Court's subject matter jurisdiction, statutory standing has nothing to do with Article III; it is a question of statutory interpretation." *Knature Co. v. Duc Heung Grp., Inc.*, No. 20-cv-3877-DMG, 2021 WL 2548679, at *3 n.3 (C.D. Cal. Apr. 22, 2021). Furthermore, "[s]ubject matter jurisdiction can never be forfeited or waived, and federal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013).

equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). "[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc).

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Courts assess the sufficiency of a plaintiff's Article III standing through the following test:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) (quoting *Lujan*, 504 U.S. at 560-61).[5] For an injury to be 'particularized,' it "must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1). Moreover, "a 'concrete' injury must be *de facto*; that is, it must actually exist." *Id.* at 340 (citation omitted).

Injunctive relief is the only relief available to private ADA plaintiffs; therefore, a plaintiff alleging ADA violations must also establish a "real and immediate threat of repeated injury." *Chapman*, 631 F.3d at 946 (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). In other words, "the plaintiff must allege 'continuing, present adverse effects'

---

[5] A party challenging subject matter jurisdiction may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Moraya is only asserting a facial challenge. Mot. at 3.

stemming from the defendant's actions." *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) ("*CREEC*") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). An ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Here, Moraya asserts that Strojnik has failed to establish either an injury-in-fact coupled with an intent to return or, alternatively, that he was deterred from visiting the hotel because of the allegedly noncompliant features. The court concludes that Strojnik did not plausibly allege sufficient facts to establish any of the prerequisite elements for standing.

### A. Injury-in-Fact

"[A] disabled person suffers an injury in fact when he 'encounters a barrier' at a place of public accommodation 'that deprives him of full and equal enjoyment of the facility due to his particular disability.'" *Oliver*, 654 F.3d at 907 (quoting *Chapman*, 631 F.3d at 944). Article III requires that the injury must be "related to the plaintiff's disability." *Chapman*, 631 F.3d at 949. "[O]nce a disabled plaintiff has encountered a barrier violating the ADA, 'that plaintiff will have a personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers to that person's particular disability.'" *Id.* at 947 (quoting *Doran*, 524 F.3d at 1044).

Strojnik's generic complaint lacks the necessary specificity to plausibly allege a concrete and particularized injury from his encounter with the alleged barriers at Moraya's hotel. First, Strojnik does not state when he visited Defendant's facility. He merely claims that he "intended to visit[] the Oakland area" over a two-day period in September 2019 and that he visited the Hotel "[w]hile lodging at Defendant's competitor"; he does not actually allege that he visited the Hotel on those days. Compl. ¶¶ 15, 18-19.[6] Second, Strojnik claims in a conclusory manner that he "encountered barriers to accessibility" and that "Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access" without describing the nature of his injuries.

---

[6] In the addendum, Strojnik indicates that he encountered the barriers at the Hotel "[o]n or about September 27-28, 2019." Compl. at 9. That two-day period differs slightly from the period he allegedly intended to visit Oakland. Compl. ¶ 15 (referring to September 28-29, 2019). Strojnik must specify which date or dates he in fact encountered the barriers in his factual allegations, not an addendum.

Compl. ¶¶ 18, 21. He does not explain how he encountered those barriers.

Furthermore, Strojnik does not sufficiently describe any of the barriers he allegedly encountered. Instead, he attaches an addendum with pictures of four alleged "barriers" with generic labels: "Identification," "in[a]ccessible check in counter," "inaccessible coffee dispenser," and "Insufficie[n]t number of ADA rooms. Insufficient dispersion." Compl. at 9. These descriptions do not specify how the alleged barriers violate the ADA's accessibility standards nor do they give fair notice to Moraya of their alleged non-compliance. *See Oliver*, 654 F.3d at 908 (In ADA access cases, "we have held that the relevant "grounds" are the allegedly non-compliant architectural features at the facility. Thus, in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint." (internal citation omitted)). Strojnik also does not explain how those architectural features related to his particular disability and hindered his full and equal enjoyment of the facility. *See also Portola Hotel*, 2021 WL 1022880, at *5 (dismissing a nearly identical complaint on standing grounds and stating that "generic captions are insufficient" where Strojnik "d[id] not explain how the alleged physical barriers depicted in the photos prevent him from full and equal access to the facility" for standing purposes). Finally, Strojnik does not allege who took the photos or when they were taken.

In sum, Strojnik's nonspecific, conclusory assertions of an ADA violation fail to plausibly establish any harm he encountered or how the alleged barriers particularly affected him. *See Spokeo*, 578 U.S. at 341 (plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.").

**B. Intent to Return**

Even if Strojnik adequately alleged that encountered barriers at the hotel, he would also have to establish "a sufficient likelihood that he will again be wronged in a similar way." *Chapman*, 631 F.3d at 948 (quoting *Lyons*, 461 U.S. at 111); *see also id.* at 949 ("Article III . . . requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties."). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or

6

imminent' injury." *Lujan*, 504 U.S. at 564 (emphasis in original).

Strojnik's sole allegation that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" is insufficient to confer standing. *See* Compl. ¶ 12. As Moraya points out, Strojnik's residence in Arizona is over 700 miles from the Hotel, and Strojnik fails to offer any indication that he will to return to the Hotel in the future, let alone a concrete plan or "when the some day will be." *See* Mot. at 7; *Lujan*, 504 U.S. at 564. The Ninth Circuit requires greater detail for an ADA plaintiff to allege intent to return. *See, e.g.*, *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (plaintiff established an "actual or imminent injury for the purposes of standing" where he had visited the defendant's store in the past, stated that he prefers to shop there, noted that the store is close to where his grandmother lives, and alleged that he would like to visit the store when he visits her); *cf. Doran*, 524 F.3d at 1040 (holding that a plaintiff adequately established an intent to return when he "alleged that he had visited the [defendant] store on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland").

This court has previously dismissed a nearly identical complaint by Strojnik with vague, generic facts relating to Strojnik's intent to return to a disputed facility. *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-3983-DMR, 2020 WL 906722, at *3 (N.D. Cal. Feb. 25, 2020); *see also Portola Hotel*, 2021 WL 1022880, at *5. There, as here, Strojnik did not "allege[] a concrete plan to visit the Hotel in the future" or "proffer any reason as to why he would patronize the Hotel in the future, such as frequent travel in the area or 'specific ties' to the property." *Napa First*, 2020 WL 906722, at *3. Strojnik's non-specific allegations are insufficient to show he has suffered an actual or imminent injury-in-fact.

### C. Deterrence

"Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950; *Doran*, 524 F.3d at 1041 ("Allegations that a plaintiff has visited a

7

public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."). A plaintiff must allege "actual knowledge of illegal barriers." *CREEC*, 867 F.3d at 1098. "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* (quoting *Pickern*, 897 F.3d at 1099).

Strojnik has also not sufficiently pleaded deterrence. As discussed above, he only pleads vague, conclusory statements that he was "deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or state law compliant" and that he intends to visit the Hotel "when the Defendant's noncompliant Hotel becomes fully compliant." Compl. ¶¶ 11-12. Strojnik does not plausibly establish that he has concrete plans to visit the Hotel again. *See CREEC*, 867 F.3d at 1100 ("[E]vidence of concrete travel plans would be sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled there in the past."). As discussed, Strojnik also does not establish that he personally encountered the barriers or took the photographs attached to the complaint, or otherwise describe how he came to identify the alleged barrier. Strojnik's generic descriptions of the barriers fail to explain why they are not ADA compliant or how they specifically prevent him from enjoying full and fair access to the Hotel. As such, he is unable to show any imminent injury should he return or what Moraya needs to remedy in order for him to return. *See CREEC*, 897 F.3d at 1099 (plaintiffs' "intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm actual or imminent").

In *Napa First*, this court ruled that Strojnik did not sufficiently plead deterrence because he failed to "allege[] actual knowledge of barriers related to his disability"; "[t]he photographs attached to his complaint have generic and vague descriptions that do not explain either why the identified features are not ADA compliant or why they are related to his disability," and he failed to adequately allege[] that he intends to visit the Hotel once it remedies the purported violations." *Napa First*, 2020 WL 906722, at *3-4. Those same deficiencies are apparent here. Strojnik's conclusory allegations merely recite legal conclusions without plausibly pleading that the barriers deterred him from patronizing the hotel and that he continues to experience harm as a result. Accordingly, Strojnik's complaint fails on a deterrence theory of standing as well.

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendant's motion for judgment on the pleadings. Because Strojnik fails to state a cognizable ADA claim, the court declines to exercise supplemental jurisdiction over his Unruh Act, Disabled Persons Act, and negligence claims. *See Arroyo v. Rosas*, 19 F.4th 1202, 1213 (9th Cir. 2021) (explaining that "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area"); *see also Johnson v. JKLM Props., LLC*, No. 20-cv-1078-EJD, 2020 WL 5517234, at *7 (N.D. Cal. Sept. 14, 2020) (declining supplemental jurisdiction over state law claims after dismissing ADA claim).

"Although Rule 12(c) does not mention leave to amend, courts have discretion to grant motions for judgment on the pleadings with leave to amend." *Id.* The court determines that amendment would not be futile here. Accordingly, Strojnik's complaint is dismissed without prejudice. Given the procedural posture of this case, Strojnik must file his amended complaint within one week—i.e., by January 27, 2022.

Strojnik must **plead his best case**. The court reminds Strojnik that courts throughout this district and neighboring districts have dismissed his nearly identical complaints for failure to adequately plead standing. *See Strojnik v. The Victus Grp.*, No. 18-cv-1620-AWI, 2020 WL 1492664, at *2 (E.D. Cal. Mar. 27, 2020) (citing cases). Indeed, the court named Strojnik a vexatious litigant and required him to submit any future ADA complaint he intends to file in this district to the general duty judge to preliminarily determine whether it plausibly alleges Article III standing. *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-3983-DMR, 2020 WL 2838814, at *13 (N.D. Cal. June 1, 2020).

In light of this ruling, the court vacates the current schedule in this case, including the trial date. The parties shall appear for a case management conference on March 16, 2022 at 1:30 p.m. at which time the court will set a new case schedule. The joint case management statement is due by March 9, 2022.

//

//

**IT IS SO ORDERED.**

Dated: January 20, 2022

Donna M. Ryu
United States Magistrate Judge