UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>v.<br><br>MORAYA INVESTMENTS, LLC,<br><br>    Defendant. | Case No. 20-cv-01291-DMR<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 47-49 |

On February 20, 2020, self-represented Plaintiff Peter Strojnik filed this case against Defendant Moraya Investments, LLC, doing business as the Jack London Inn ("Moraya"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and related state laws. Compl. [Docket No. 1.] On January 20, 2022, the court granted Moraya's motion for judgment on the pleadings and ordered Strojnik to file an amended complaint and plead his best case. [Docket No. 37 ("1/20/2022 Order").] On January 27, 2022, Strojnik filed his amended complaint ("FAC"), and on February 9, 2022, Moraya filed its answer. [Docket Nos. 38, 39.] Moraya now moves for summary judgment or alternatively judgment on the pleadings pursuant to Federal Rules of Civil Procedure 56 and 12(c). [Docket No. 47 ("Mot.").] Strojnik filed a cross-motion for summary judgment and opposition to Moraya's motion. [Docket No. 49 ("Opp'n").][1] [Docket No. 34.] Moraya did not file a reply or opposition to Strojnik's cross-motion. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons,

---

[1] Strojnik also submitted a one-page document styled as "Objection to Defendant's Statement of Facts/Conclusions of Law ECF 47-2." [Docket No. 48.] Strojnik's objection is procedurally improper because it is not contained within the opposition brief. *See* Civ. L.R. 7-3(a). The court nevertheless considers it because his opposition brief and objection altogether fall within the total page limit.

1   Moraya's motions are denied. Strojnik's cross-motion is also denied.

2   **I.     BACKGROUND**

3         Neither party offered any evidence in support of their cross-motions for summary judgment; as a result, the following facts come from the FAC. Strojnik resides in Maricopa County, Arizona. FAC ¶ 3. He alleges that he is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, missing part of a limb (prosthetic right knee) and pleurisy." *Id*. When active, these physical impairments require Strojnik to use a wheelchair for mobility purposes. *Id.* ¶¶ 5, 9. When the impairments are mitigated, Strojnik "walks and stands with difficulty and pain" and "requires compliant mobility accessible features at places of public accommodation." *Id*. ¶ 9. Moraya owns and operates a hotel in Oakland, California (the "Hotel"). *Id*. ¶ 5.

      Strojnik explains that he is retired, and that before the COVID-19 pandemic, he "regularly travelled to Oakland as a final destination or an interim resting area on the way to and from Northern California, including San Francisco and Napa." FAC ¶ 23. During those travels "he evaluates public accommodations, particularly hotels, for ADA and Unruh [Act] compliance." *Id.*

      According to Strojnik, he "visited the Oakland area in the September 28-29, 2019 time frame." FAC ¶¶ 18, 28. He reviewed booking websites in advance of his trip to evaluate which of the lodgings identify their "mobility accessible features" so that he could "assess independently whether a given hotel or guest room meets his accessibility needs." *Id.* ¶ 29. He selected an unnamed competitor hotel and stayed there. *Id.* ¶¶ 18, 30. He alleges that he encountered accessibility barriers at the competitor hotel, and then went to the Hotel to determine whether it had adequate accessibility features for Strojnik's "next trip to the Oakland area." *Id.* ¶¶ 20, 31. However, he encountered accessibility barriers at the Hotel too. *Id.* ¶¶ 21, 32. Specifically, Strojnik "personally observed that the bar counter at Defendant's hotel was too high[] as it did not have a lowered portion or access." *Id.* ¶ 33. The height of the bar counter prohibited wheelchair access and "require[ed] him to stand at the bar counter or climb on a high bar stool." *Id.* ¶ 34. Also, Strojnik asked an "agent" of Moraya's how many of the rooms at the Hotel were ADA accessible. *Id.* ¶ 35. The agent replied that two of the 108 hotel rooms were ADA accessible,

although none had a roll-in shower, of which Strojnik took note. *Id.* The FAC includes two photographs related to the alleged barriers. *Id.* ¶¶ 33, 35.

Strojnik claims that after COVID-19 restrictions end, he "will travel to Napa via Oakland and would stay at Defendant's hotel on the way to Napa and upon return from Napa but for the fact that Defendant's ADA violations deter him from staying there." *Id.* ¶ 23. The FAC alleges claims for violations of the ADA, the California Unruh Act, and the California Disabled Persons Act ("CDPA"), as well as for negligence.

## II.  LEGAL STANDARDS

### A. Motion for Summary Judgment

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must view the evidence in the light most favorable to the non-moving party. *Fresno Motors, LCC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). A genuine factual issue exists if sufficient evidence favors the non-movant such that "a reasonable [judge or] jury could return a verdict for the nonmoving party. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (alteration in original) (quoting *Anderson*, 477 U.S. at 248). The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting *Anderson*, 477 U.S. at 255).

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must point to specific facts, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, showing that a genuine issue of material fact exists. *Devereaux*, 263 F.3d at 1076. More than a "scintilla of evidence" must exist to support the non-moving party's claims. *Pomona*, 750 F.3d at 1049 (quoting *Anderson*, 477 U.S. at 252). A showing that "there is some 'metaphysical doubt' as to the material facts as issue"

will not suffice. *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Pomona*, 750 F.3d at 1049-50 (quoting *Matsushita*, 475 U.S. at 587).

Where, as here, the parties have filed cross-motions for summary judgment, "each motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (quotation omitted). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**B. Motion for Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must construe all factual allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, the court "court must assess whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Chavez*, 683 F.3d at 1108 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Mere conclusory statements in a complaint and 'formulaic recitations of the elements of a cause of action' are not sufficient." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A Rule 12(c) motion for judgment on the pleadings may assert a lack of subject matter jurisdiction." *Strojnik v. Portola Hotel, LLC*, No. 19-CV-07579-VKD, 2021 WL 1022880, at *2

4

(N.D. Cal. Mar. 17, 2021) (citing 5C Wright & Miller, *Fed. Prac. & Proc.* § 1350 (3d ed.)). "The Court's analysis of a Rule 12(c) motion that raises a question of subject matter jurisdiction conforms to the analysis required for a Rule 12(b)(1) motion." *Id.* (citing Wright & Miller, Fed. Prac. & Proc. § 1367).

### III.   DISCUSSION

As noted above, neither Moraya's motion for summary judgment nor Strojnik's cross-motion for summary judgment rely on any competent supporting evidence. Instead, both motions cite only to allegations in the FAC. "[A]llegations in a complaint are not evidence that can be used to support or oppose summary judgment." *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1166 (N.D. Cal. 2014). Strojnik's unverified FAC and unsupported allegations are insufficient to show that a dispute of material fact exists or does not exist. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute"); *Celotex*, 477 U.S. at 324. The Northern District of California's Civil Local Rules require that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). Because Moraya's motion for summary judgment does not rely on any record evidence, including affidavits, it is denied. *See* Fed. R. Civ. P. 56(e)(4). Strojnik's cross-motion is also denied for the same reason.[2]

Moraya also moves for judgment on the pleadings, arguing that Strojnik failed to allege facts establishing Article III standing for his ADA claim.[3]   The court previously dismissed

---

[2] That Strojnik "verifies under the penalty of perjury that the [opposition's] facts are true and correct to the best of his knowledge, memory and belief," Opp'n at 9, does not change this outcome because the facts in the opposition are not supported by record evidence or affidavit, *see* Fed. R. Civ. P. 56(c)(1); Civ. L.R. 7-5(a).

[3] Moraya does not address Strojnik's state law claims in the FAC. The court previously declined to exercise jurisdiction over Strojnik's state claims because he failed to state a cognizable ADA

5

Strojnik's complaint after concluding that Strojnik did not adequately establish Article III standing. 1/20/2022 Order at 9. Strojnik filed the FAC, and Moraya filed an answer to the FAC. Taken as true, the allegations in the FAC plausibly allege Strojnik's standing to claim a violation of the ADA.

### A. Legal Standards for ADA Standing

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). "[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc).

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Courts assess the sufficiency of a plaintiff's Article III standing through the following test:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) (quoting *Lujan*, 504 U.S. at 560-61).[4] For

---

claim. 1/20/2022 Order at 9. The FAC re-alleges claims for violations of the Unruh Act and CDPA, and negligence—contrary to Moraya's contention that the ADA claim is "Plaintiff's only remaining claim." Mot. at 10.

[4] A party challenging subject matter jurisdiction may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d

an injury to be 'particularized,' it "must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1). Moreover, "a 'concrete' injury must be *de facto*; that is, it must actually exist." *Id.* at 340 (citation omitted). "[A] disabled person suffers an injury in fact when he 'encounters a barrier' at a place of public accommodation 'that deprives him of full and equal enjoyment of the facility due to his particular disability.'" *Oliver*, 654 F.3d at 907 (quoting *Chapman*, 631 F.3d at 944). Article III requires that the injury must be "related to the plaintiff's disability." *Chapman*, 631 F.3d at 949. "[O]nce a disabled plaintiff has encountered a barrier violating the ADA, 'that plaintiff will have a personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers to that person's particular disability.'" *Id.* at 947 (quoting *Doran*, 524 F.3d at 1044).

Injunctive relief is the only relief available to private ADA plaintiffs; therefore, a plaintiff alleging ADA violations must also establish a "real and immediate threat of repeated injury" and "a sufficient likelihood that he will again be wronged in a similar way." *Chapman*, 631 F.3d at 946, 948; *see also id.* at 949 ("Article III . . . requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties."). In other words, "the plaintiff must allege 'continuing, present adverse effects' stemming from the defendant's actions." *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) ("*CREEC*") (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury." *Lujan*, 504 U.S. at 564 (emphasis in original). "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950; *Doran*, 524 F.3d at 1041 ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or

---

at 1039. Moraya is only asserting a facial challenge. Mot. at 4.

7

imminent."). A plaintiff must allege "actual knowledge of illegal barriers." *CREEC*, 867 F.3d at 1098. "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* (quoting *Pickern*, 897 F.3d at 1099).

### B. Analysis

The FAC sufficiently pleads a concrete and particularized injury with a likelihood of repetition. Strojnik alleges that he suffers from multiple impairments that substantially limit his ability to walk and stand and sometimes require him to use a wheelchair. FAC ¶¶ 5, 9. He alleges that he visited Oakland on September 28-29, 2019 and went to the Hotel while staying at a competitor hotel. *Id.* ¶¶ 18, 20, 28, 31-32. According to Strojnik, he then personally encountered accessibility barriers that specifically related to his impairments. *Id.* ¶¶ 33-34. Namely, he "personally observed" that Hotel's bar was too high for his wheelchair. *Id.* ¶ 34. Consequently, the bar's height violated the ADA Standards for Accessible Design ("ADAAG") § 904.[5] ADAAG § 904 applies to check-out aisles and sales and service counters.[6] Strojnik does not specify which

---

[5] The ADAAG standards "lay out the technical structural requirements of places of public accommodations." *Chapman*, 631 F.3d at 945. To prove a violation of the ADA's accessibility requirements, a plaintiff must show a violation of the applicable accessibility standards. *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman*, 631 F.3d at 945). Buildings with new construction or post-January 1992 alterations must comply with either the 1991 or 2010 ADAAG standards, depending on the date the construction or alterations began. 28 C.F.R. § 36.406; *Love v. Marriott Hotel Servs., Inc.*, 40 F.4th 1043, 1048 n.1 (9th Cir. 2022). Facilities must conform to the updated 2010 ADAAG standards unless they have not been altered since March 15, 2012 and comply with the 1991 standards. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Existing facilities that were altered after January 26, 1992 are also required, "to the maximum extent feasible, to be 'readily accessible to and useable by' individuals with disabilities." *Moeller*, 816 F. Supp. 2d at 847 (citing 42 U.S.C. § 12183(a)(2)). "Facilities that were constructed prior to January 1993 and have not been altered are not required to comply with the 1991 or 2010 Standards but must still 'remove architectural barriers ... where such removal is readily achievable.'" *Love*, 40 F.4th at 1048 n.1 (quoting *Chapman*, 631 F.3d at 945); *see* 42 U.S.C. § 12182(b)(2)(A)(iv).

The FAC does not offer any allegations to establish that the property was constructed or altered since 2012, which would trigger the Hotel's obligation to meet the 2010 standards. *See Kohler*, 779 F.3d at 1019. Instead, it claims simply that "[t]he removal of accessibility barriers . . . is readily achievable." FAC ¶ 38. Moraya does not challenge or address which ADAAG standard applies, and the court does not reach this question at this juncture.

[6] ADAAG § 904 is part of the 2010 standards, which are available at *Americans with Disabilities*

type of counter and associated standard covers the Hotel's bar, and Moraya does not address the applicability of these ADAAG standard to the Hotel. Nevertheless, Strojnik claims that the bar's height related to his disability, and that the bar does not permit wheelchair access and limited his major life activities "by requiring him to stand at the bar counter or climb on a high bar stool." FAC ¶ 34.

Strojnik also claims that the Defendant's agent told him that only two of the hotel rooms were ADA accessible and none had roll-in showers. FAC ¶ 35. ADAAG § 224.2, cited in the FAC, applies to "transient lodging facilities" and includes a table specifying a minimum number of accessible rooms with particular mobility features and rooms with roll-in showers required at those facilities. *See* FAC ¶ 36. A hotel with 108 rooms, such as Defendant's, must have at minimum five accessible rooms without roll-in showers, and two accessible rooms with roll-in showers, for a total of seven accessible rooms. ADAAG § 224.2. Strojnik claims that the Hotel's lack of accessible rooms relates to his disability because none accommodate a wheelchair and he could not be assured that he would have an accessible room when he visited again. FAC ¶ 37.

Although sparse, the allegations establish for pleading purposes that two alleged barriers violate the ADA's accessibility standards, and they give fair notice to Moraya of their alleged non-compliance. *See Oliver*, 654 F.3d at 908 (In ADA access cases, "we have held that the relevant "grounds" are the allegedly non-compliant architectural features at the facility. Thus, in order for the complaint to provide fair notice to the defendant, each such feature must be alleged in the complaint." (internal citation omitted)). The FAC also sufficiently explains how the bar's height and lack of adequate accessible hotel rooms prevents Strojnik from equal access at the Hotel and relate to his particular disabilities.[7]

---

*Act Accessibility Standards*, U.S. Access Board, https://www.access-board.gov/ada/.

[7] Moraya's remaining arguments on this point are unavailing. First, Moraya argues that Strojnik's impairments are "episodic," and that FAC fails to allege that Strojnik's physical impairments were "active" at the time he visited. Mot. at 6; *see* FAC ¶¶ 5, 9. However, "whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures" 42 U.S.C. § 12102(4)(E); *see also* 28 C.F.R. § 36.105(d)(1)(v) ("An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."). The FAC

9

1    Finally, the FAC sufficiently pleads Strojnik's standing to pursue injunctive relief under
2  either an intent to return or deterrence theory.  The Ninth Circuit "ha[s] found actual or imminent
3  injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the
4  geographic area where the accommodation is located and a desire to visit the accommodation if it
5  were made accessible."  *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir.
6  2008).  The plaintiff must provide some level of detail on his plan to return. *See, e.g.*, *Pickern v.
7  Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (plaintiff established an "actual
8  or imminent injury for the purposes of standing" where he had visited the defendant's store in the
9  past, stated that he prefers to shop there, noted that the store is close to where his grandmother
10 lives, and alleged that he would like to visit the store when he visits her); *cf. Doran*, 524 F.3d at
11 1040 (holding that a plaintiff adequately established an intent to return when he "alleged that he
12 had visited the [defendant] store on ten to twenty prior occasions, that he is currently deterred
13 from visiting the store because of its accessibility barriers, that the store is conveniently located
14 near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a
15 year on his annual trips to Disneyland").  Also, "evidence of concrete travel plans would be
16 sufficient to show that a disabled plaintiff intends to visit a facility, even if she has not travelled
17 there in the past."  *CREEC*, 867 F.3d at 1099-1100 (plaintiffs' "intent to visit the hotels once they
18 provide equivalent shuttle service for the disabled renders their harm actual or imminent").

19    Strojnik claims that he used to "regularly travel[] to Oakland as a final destination or an
20 interim resting area on the way to and from Northern California," that he intends to do so again,
21 and that he "would stay at Defendant's hotel on the way to Napa and upon return from Napa but
22 for the fact that Defendant's ADA violations deter him from staying there."  FAC ¶ 23.  As a

---

alleges that even with mitigating measures, Strojnik's impairments substantially limit his ability to walk and stand and require "mobility accessible features."  FAC ¶¶ 5, 9.  As a result, the severity of his impairments at the time he visited the Hotel is irrelevant because the barriers denied him equal access.  *See* FAC ¶ 40.  Second, Moraya challenges the sufficiency of the photographs in the complaint "for standing purposes."  Mot. at 7.  However, Strojnik is not required to include photographs of the barriers.  The allegations that he personally encountered barriers related to his disability are sufficient.  *See Whitaker v. Tesla Motors*, 985 F.3d 1173, 1179 (9th Cir. 2012).

United States District Court
Northern District of California

result of these violations, he is "deterred from returning to Defendant's hotel" and "from lodging there." *Id.* ¶¶ 24, 39.[8]

These allegations go beyond the "vague, generic facts" Strojnik alleged previously in this case and in other cases. *Compare* 1/20/2022 Order at 7; *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-3983-DMR, 2020 WL 906722, at *3-4 (N.D. Cal. Feb. 25, 2020) (finding that Strojnik did not "allege[] a concrete plan to visit the Hotel in the future", "proffer any reason as to why he would patronize the Hotel in the future, such as frequent travel in the area or 'specific ties' to the property," or "adequately allege[] that he intends to visit the Hotel once it remedies the purported violations"); *Strojnik v. Portola Hotel*, No. 19-cv-07579-VKD, 2021 WL 1022880, at *5 (N.D. Cal. Mar. 3, 2021). Here, for pleading purposes, Strojnik adequately alleges that he regularly visits this geographic region and would stay at the Hotel if it were made accessible. *See D'Lil*, 538 F.3d at 1037.

Altogether, Strojnik's FAC "alleges that he uses a wheelchair for mobility [and has difficulty walking and standing due to his impairments], that he visited the defendant's premises, that he personally encountered . . . barrier[s] related to his disability—inaccessible service counters [and hotel rooms] —and that the barrier[s] deter[] him from returning." *Whitaker*, 985 F.3d at 1179. With respect to a motion challenging the pleadings, where the FAC is taken as true, such allegations are sufficient to confer Article III standing. As Moraya does not challenge the FAC on any other basis, its Rule 12(c) motion is denied.[9]

## IV. CONCLUSION

For the foregoing reasons, the court denies Moraya's motion for summary judgment and motion for judgment on the pleadings. The court also denies Strojnik's cross-motion for summary

---

[8] The court does not consider Plaintiff's assertions in his opposition that he also intends to visit Guerneville before the end of the year and to travel to Oakland to attend trial in this case but is deterred from staying at the Hotel due to the ADA violations, as they are outside the FAC. *Cf. Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

[9] Accordingly, the court does not address Strojnik's Unruh Act, CDPA, and negligence claims.

11

1 judgment.  **The pretrial conference is advanced to October 14, 2022 at 2:30 p.m. via Zoom**
2 **Videoconference**.  The pretrial deadlines set forth in the court's amended case management
3 scheduling and pretrial order remain in effect.  [Docket No. 42.]

6 **IT IS SO ORDERED.**

7 Dated: September 6, 2022



Donna M. Ryu
United States Magistrate Judge